■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD JOHNSON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated September 21, 1970, which denied the application without a hearing. Order affirmed. No opinion. Rabin, P. J., Munder, Martuscello and Gulotta, JJ., concur; Benjamin, J., dissents and votes to reverse the order and grant a hearing on defendant's application, with the following memorandum: In my opinion, defendant is entitled to a hearing on his claim that his attorney told him, after a conference with the Judge and the prosecutor, that the Judge had promised a light sentence if he pleaded guilty and had threatened to give him 25 years to life if he insisted on going to trial and were found guilty. It is true that defendant has not submitted an affidavit from his attorney, substantiating this claim, and that ordinarily the failure to submit such a corroborating affidavit would warrant the denial of the application without a hearing (see *People* v. *Scott*, 10 N Y 2d 380; *People* v. *Withridge*, 27 N Y 2d 713; *People* v. *Fisher*, 30 N Y 2d 560). But absence of the attorney's affidavit does not bar relief if an adequate reason is given for its nonproduction (*cf. People* v. *Withridge*, *supra*). Here, such adequate reason appears in the record. It there appears that defendant filed a complaint with the Judicial Conference, charging his attorney with malpractice in connection with the court's promise and threat concerning the sentence. In view of that fact, it is obvious that defendant's attorney would be hostile and unco-operative and a request to him for a

supporting affidavit on this *corum nobis* application would have been a mere exercise in futility. In my opinion, this showing in the record constitutes a sufficient explanation and excuse for defendant's failure to submit a corroborating affidavit from his attorney and he consequently is entitled to a hearing on his claim despite the absence of such affidavit.